# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LAPISH, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-2320 |
| | : | |
| SECRETARY LITTLE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# **ORDER**

AND NOW, this _____ day of _____, 2023, upon consideration of the consolidated DOC Defendants' Rule 12(b)(1) Motion to Dismiss Plaintiff's Amended Complaint and Supervisory Defendants' Rule 12(b)(6) Motion to Dismiss (collectively, the "Motion to Dismiss"), it is hereby ORDERED that the Motion to Dismiss is GRANTED.

It is FURTHER ORDERED as follows:

1.  Plaintiff's claims against Defendants Little, Sorber, Sipple, Valliere-Fanrak, Gordon, Baity (captioned as "Bailey"), and Ford in their <u>official</u> capacities are **DISMISSED** with prejudice.

2.  Plaintiff's "failure to supervise, train, and/or intervene" claim against Defendants Little, Sorber, Sipple, and Valliere-Fanrak is **DISMISSED** with prejudice.

3.  The remaining defendants, in their individual capacities only, must answer Plaintiff's Amended Complaint within ___ days of this Order.

**BY THE COURT:**

_____
John R. Padova, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LAPISH, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-2320 |
| | : | |
| SECRETARY LITTLE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### DOC DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS AND SUPERVISORY DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT

Defendants Little, Sorber, Sipple, Valliere-Fanrak, Gordon, Baity (captioned as "Bailey"), and Ford (collectively, the "DOC Defendants"), by their undersigned counsel, hereby move this Court pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiff Michael Lapish's claims against them in their official capacities. Defendants Little, Sorber, Sipple, and Valliere-Fanrak (the "Supervisory Defendants") hereby move this Court pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiff's Amended Complaint (Doc. No. 6) for failure to state a claim against them. Defendants' grounds for this consolidated motion are explained in the accompanying memorandum of law.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

Date: December 21, 2022      By:   */s/ Matthew Skolnik*

Matthew Skolnik
Deputy Attorney General
Attorney I.D. No. 89423

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (215) 560-2136
Fax:    (717) 772-4526
mskolnik@attorneygeneral.gov

Karen M. Romano
Chief Deputy Attorney General
Civil Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LAPISH, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-2320 |
| | : | |
| SECRETARY LITTLE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DOC DEFENDANTS'
CONSOLIDATED MOTION TO DISMISS AMENDED COMPLAINT**

The Pennsylvania Department of Corrections (DOC) Defendants – (Acting) Secretary Little, (former) Superintendent Sorber, Deputy Sipple, Unit Manager Valliere-Fanrak, Lieut. Gordon, Sgt. Baity (captioned as "Bailey"), and C.O. Ford – respectfully submit this memorandum of law in support of their consolidated Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 6) as against them. For ease of reference, Defendants Little, Sorber, Sipple, and Valliere-Fanrak are referred to as the "Supervisory Defendants"; they, along with Defendants Gordon, Baity, and Ford, collectively comprise the DOC Defendants and movants.[1]

**I.   RELEVANT ALLEGED FACTS**

Plaintiff Michael Lapish, who at the time was proceeding *pro se* but is now represented by counsel, filed an amended complaint with three narrative attachments, which are deemed part of the complaint. *See* Doc. No. 6, at pp. 4-24 (hereafter "Am. Compl."). Plaintiff, who is incarcerated at SCI Phoenix, seeks compensatory and punitive damages totaling twenty million dollars as well as injunctive relief. *See id.*, Attachment 3, at 24.

---

[1] This constitutes all defendants other than defendant Dr. Grendell.

The gravamen of this lawsuit is for excessive force. Specifically, Plaintiff alleges that on May 13, 2022, defendants Gordon, Bailey, and Ford used excessive force against him, for the purpose of causing pain, which caused injuries. Am. Compl., Attachment 2, ¶¶ 9-10. Almost all of Plaintiff's allegations, from paragraphs 9 through 30 of Attachment 2 (Doc. No. 6, at 19-23) relate to his Eighth Amendment excessive force claim, which is not a subject of DOC Defendants' present motion. As a result, henceforth the movants will summarize only those factual allegations which relate to the Motion to Dismiss at issue.

Movants are employed by the Pennsylvania Department of Corrections. Am. Compl., Attachment 1, ¶¶ 1-4, 6-8. With the exception of Acting Secretary Little, who works at DOC headquarters in Mechanicsburg (*see* ¶ 1), at all material times all the DOC Defendants worked at the State Correctional Institution (SCI) Phoenix.[2]  When Plaintiff attempted to discuss his allegations with defendant Sipple, the Deputy Superintendent of Centralized Services at SCI Phoenix (*see id.*, ¶ 3), she "was disinterested in having any discussion with Lapish." Pl.'s Attachment 2 at p.4 (20 of 25) (erroneously numbered ¶ 30).

The Amended Complaint, Attachment 2, contains no specific allegations against the Supervisory Defendants. Not one of the Supervisory Defendants was involved in the May 13, 2022 use of force. Instead, Plaintiff merely asserts, in conclusory fashion, that they violated DOC Administrative Policy 13.8.1 at some unspecified time. *Id.*, ¶ 18.

## II.     STANDARD OF REVIEW

### A.     Rule 12(b)(1), Lack of Subject Matter Jurisdiction

A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. *Blanciak v. Allegheny Ludlum Corp.*,

---

[2] Defendant Sorber, however, is no longer the Superintendent at SCI Phoenix and, by way of further response, has retired from PA DOC. For this and other reasons, he should be voluntarily dismissed by Plaintiff from this lawsuit.

77 F.3d 690, 694 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)) (Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction). When a defendant challenges subject matter jurisdiction, in response the plaintiff must show that the case is properly before the court. *See Kehr Packages, Inc. v. Fidelcor*, 926 F.2d 1406, 1409 (3d Cir. 1991).

      **B.**      **Rule 12(b)(6), Failure to state a claim**

Under Fed. R. Civ. P. 12(b)(6), following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), pleadings standards in federal court have shifted from simple notice pleading to a more heightened form of pleading that requires a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009); *Phillips v. County of Allegheny*, 515 F. 3d 224, 230 (3d Cir. 2008).

It is "no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct." *Id.* at 233 (citing *Twombly*) (cleaned up). Thus, when presented with a motion to dismiss for failure to state a claim, the district court should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court accepts the complaint's well-pleaded facts as true but should disregard legal conclusions. *Iqbal*, 556 U.S. at 678-79. Second, the court determines whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* A complaint must do more than allege the plaintiff's entitlement to relief; it must "show" such an entitlement with its facts. *Id.*; *see Phillips*, 515 F.3d at 234-35; *Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010). Importantly for the present motion, a plaintiff's allegations that **supervisory** defendants allowed for the "mere possibility of misconduct" are insufficient as a matter of law. *Id.* at 133 (quoting *Iqbal*, 129 S.Ct. at 1949-50).

3

In ruling on a motion to dismiss under Rule 12(b)(6), a court should "draw on its judicial experience and common sense" and dismiss claims where the facts merely suggest a possibility of liability, rather than "plausibly establish" it. *Iqbal*, 129 S.Ct. at 1950-51.

### III.  ARGUMENT

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The statute "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a § 1983 claim, a plaintiff must allege facts showing that a person acted under color of state or territorial law to deprive the plaintiff of a right secured by the Constitution or federal law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). When a motion to dismiss is based on lack of subject matter jurisdiction in addition to other defenses, "[a]n actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case." *Tagayun v. Stolzenberg*, 239 Fed. Appx. 708, 710 (3d Cir. 2007).

### A.  The Eleventh Amendment bars all of Plaintiff's claims against the DOC Defendants in their Official Capacities.

The Court lacks subject matter jurisdiction over all claims against DOC Defendants in their official capacities, as the movants are entitled to Eleventh Amendment immunity.

Absent consent by the State, the Eleventh Amendment[3] bars suits in federal court by a private party against states, state agencies and state officials in their official capacities. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-70 (1997); *Seminole Tribe of Fla. v. Florida*,

---

[3] The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

4

517 U.S. 44, 54 (1996); *Pennhurst*, 465 U.S. at 100-01. Eleventh Amendment immunity protects a state from suit regardless of whether the plaintiff is a citizen of that state. *Id.* at 100. The bar extends to suits against departments or agencies of the state having no existence apart from the state. *Laskaris v. Thornburgh*, 661 F. 2d 23, 25 (3d Cir. 1981). As when the state itself is named as the defendant, the Eleventh Amendment bars a suit against a state agency or official in his official capacity – regardless of whether the requested relief is monetary, injunctive or declaratory where the state is the real party in interest. *Coeur d'Alene Tribe*, 521 U.S. at 270; *Seminole Tribe*, 517 U.S. at 58; *Pennhurst*, 465 U.S. at 101-02; *Edelman v. Jordan*, 415 U.S. 651, 663, 667 (1974).

A state may consent to be sued in federal court, *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 72-73 (2000), but such consent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. Plaintiffs "may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." *Chittister v. Dep't of Comm. & Economic Devel.*, 226 F.3d 223, 226 (3d Cir. 2020). On the contrary, first, Pennsylvania has withheld consent to lawsuits brought under 42 U.S.C. § 1983. *See* 42 Pa. C.S. § 8521(b); *Laskaris*, 661 F. 2d at 25. Second, as against the Commonwealth, its agencies or state officials in their official capacities, Congress has not abrogated Eleventh Amendment immunity for § 1983 claims. *See Quern v. Jordan*, 440 U.S. 332, 341-42 (1979). Neither supplemental jurisdiction nor any other basis of jurisdiction overrides the bar. *Pennhurst*, 465 U.S. at 121.

Each defendant is or is alleged to be an employee of the Pennsylvania DOC, which is an executive agency of the Commonwealth. *See* 71 P.S. §§ 61, 732-102; *Lavia v. Pa. DOC*, 224 F. 3d 190, 195 (3d Cir. 2000). *See also* Am. Compl., at Attachment 1, ¶¶ 1-4, 6-8. As Plaintiff expressly notes, he has sued all defendants in both their individual and official capacities. *Id.*, at

5

p. 16 of 25. A claim against a state government official in his or her official capacity is "no different from a suit against the State itself," because it "is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

None of the narrow exceptions to Eleventh Amendment immunity apply to this case. To "ensure[ ] that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law," *see Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993), a federal court "may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337 (1979). This exception allowing certain kinds of declaratory or injunctive relief against state officials in their official capacity – initially noted in *Ex parte Young*, 209 U.S. 123 (1908) – is "narrow," in that it "applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past." *Puerto Rico*, 506 U.S. at 146 (emphasis added); *see also Lacassagne v. Chapuis*, 144 U.S. 119, 124 (1892) (the purpose of injunctive relief is to afford preventative relief, not correct past wrongs). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Coeur d'Alene Tribe*, 521 U.S. at 296 (O'Connor, J., concurring in part and concurring in judgment)).

Here, the *Ex parte Young* exception to Eleventh Amendment immunity does not apply for two reasons. First, Plaintiff impermissibly seeks damages from DOC Defendants in their official capacities for alleged past violations of his constitutional rights. *See* Pl.'s Attachment 3 (Doc. No. 6, at 24). But Section 1983 does not allow declaratory relief based upon past conduct. *See*

6

*also Puerto Rico Aqueduct*, 506 U.S. at 146. Second, although Attachment 3 to the Amended Complaint does contains a prayer for injunctive relief, this is not the type of constitutional challenge to a policy creating an ongoing burden on a plaintiff that would normally give rise to an injunction claim against a policymaker's office; it is, rather, a typical claim for relief based on past conduct. Such claims are barred under the Eleventh Amendment. Therefore, Plaintiff's causes of action against DOC Defendants in their official capacities must be dismissed with prejudice, for lack of subject matter jurisdiction.

      **B.**    **Alternatively, DOC Defendants in their official capacities are not "Persons" amenable to suit under § 1983.**

Separate and apart from Eleventh Amendment immunity, Plaintiff's § 1983 claims against DOC Defendants in their official capacities fail to state plausible claims because not one of them, in their official capacity, are "persons" amenable to suit thereunder. The Supreme Court has held that states, state agencies and state employees in their official capacities are <u>not</u> considered "person[s]" amenable to suit for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 69-71 (1989). In the event that they are not dismissed for want of subject matter jurisdiction, Plaintiff's § 1983 claims against DOC Defendants in their official capacities are barred under *Will* and its progeny.

      **C.**    **There is no plausible "failure to train and supervise" claim against the Supervisory Defendants.**

With respect to Plaintiff's claim against Supervisory Defendants in their <u>individual</u> capacities, this too must fail – but under Fed. R. Civ. P. 8 rather than the Eleventh Amendment. There is only two paragraphs of the Amended Complaint which attempt to allege a cause of action against the Supervisory Defendants: ¶¶ 18-19 of Plaintiff's Attachment 2, which is entirely conclusory in nature.

7

It is well established that, "'defendant[s] in a civil rights action must have personal involvement' to be liable" under § 1983. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (*quoting Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). As such, "liability cannot be predicated solely on the operation of *respondeat superior.*" *Rode* at 1207 (citing *Parratt v. Taylor,* 451 U.S. 527, 537 n.3 (1981)). "Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S. Ct. at 1948. "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence . . . . [such allegations,] however, must be made with appropriate particularity." *Id.* Consequently, "[i]n a § 1983 . . . action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* Thus, where supervisors did not directly participate in violating a plaintiff's rights, they may only be held liable if they "directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

In the present case, there can be no vicarious liability under any scenario. Plaintiff has pleaded no facts whatsoever in support of his "failure to train and supervise" claim. None of the Supervisory Defendants had any involvement with the alleged May 13, 2022 use of force. *See* Pl.'s Attachment 2, ¶¶ 9-10. All the plaintiff alleges is that Defendant Sipple was "disinterested" in speaking with Plaintiff at some unspecified time after the fact and that, in generalized fashion, the Supervisory Defendants as a whole violated DOC policy – which, *even if true*, would not equate to a violation of the U.S. Constitution. *See Atwell v. Lavan*, 557 F.Supp.2d 532, 556, n.24

(M.D. Pa. 2008) (citing *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 154 (3d Cir. 2004)).

Moreover, in the Section 1983 context, there is no such thing as liability premised on the basis of one's supervisory status. Plaintiff's threadbare inclusion of such "failure to train and supervise" language suggests an attempt to allege what is sometimes mistaken as a "*Monell* claim," which does not state a plausible claim against Commonwealth defendants. In *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978), the Supreme Court held that a municipality may be held liable where its "policy" or "custom" is the moving force behind a constitutional violation. Later, in *Canton v. Harris*, 489 U.S. 378, 388-89 (1989), the Supreme Court found that municipal liability may be based on supervisory officials' "failure to train" where the lack of training results in constitutional right violations. However, the principles announced in *Monell* and *Canton* do not apply where the supervisory defendant is a state employee. "Although <u>municipal</u> officials may be subject to Section 1983 liability under *Monell* where their execution of a government policy or custom inflicts constitutional injury, or under the "failure to train" theory adopted in *Canton*, the same is not true for state officials." *Thomas v. Barkley*, C.A. No. 13-0551, 2013 WL 4786124, at *5 (W.D. Pa. Sept. 6, 2013) (citing *Will*, 491 U.S. at 71) (emphasis in original); *O'Hara v. Indiana Univ. of Pa.*, 171 F.Supp. 490, 499 (W.D. Pa. 2001).

In sum, Plaintiff's "failure to train and supervise" claim is fatally deficient for two independent reasons, which can be addressed in any order: (1) liability under § 1983 cannot be predicated on the operation of *respondeat superior* rather than personal involvement, which is not present here; and, (2), the "failure to train" language in the *Monell* line of cases applies to municipal, not state, defendants. Either way, Plaintiff fails to state a plausible claim against the Supervisory Defendants.

9

## IV.     CONCLUSION

For all the foregoing reasons, Defendants Little, Sorber, Sipple, Valliere-Fanrak, Gordon, Baity (captioned as "Bailey"), and Ford respectfully request that this Court grant their consolidated Motion to Dismiss Plaintiff's Amended Complaint, in the form of Order appended hereto.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

Date: December 21, 2022     By:     */s/ Matthew Skolnik*
                                                Matthew Skolnik
OFFICE OF ATTORNEY GENERAL      Deputy Attorney General
1600 Arch Street, Suite 300                      Attorney ID No. 89423
Philadelphia, PA 19103
Phone: (215) 560-2136                            Karen M. Romano
Fax: (717) 772-4526                              Chief Deputy Attorney General
mskolnik@attorneygeneral.gov                     Civil Litigation Section

*Counsel for Defendants Little, Sorber, Sipple, Valliere-Fanrak, Gordon, Baity, and Ford*

## CERTIFICATE OF SERVICE

I, Matthew Skolnik, hereby certify that the foregoing DOC Defendants' Motion to Dismiss, with all supporting papers, has been filed electronically on this date and is available for viewing and downloading from the Court's Electronic Case Filing system by Plaintiff's counsel of record.

    *s/ Matthew Skolnik*
MATTHEW SKOLNIK
Deputy Attorney General