# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LAPISH, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : |
| PENNSYLVANIA DEPT. OF CORRECTIONS, et al., | : NO. # 22-2320 |
| | : |
| Defendants | : |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO SUPERVISORY DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Alexandre N. Turner
alex@turnerlawofficesllc.com
1500 Walnut Street, 7th Floor West
Philadelphia, PA 19102
Telephone: (267) 225-6628
Facsimile:  (215) 751-0658

*Counsel for Plaintiff, Michael Lapish*

September 29, 2023

# INTRODUCTION

Contrary to the arguments made in the Memorandum in support of Defendants' Motion to Dismiss (hereinafter "Memorandum"), Plaintiff has plead facts from which the Court can draw the reasonable inference that defendants Sorber, Sipple, and Valliere-Fanrak (collectively, the "Supervisory Defendants") are liable for their failure to train defendants Gordon, Baity, and Ford. Defendants' focus on whether Plaintiff seeks to make out a *Monell* claim is misplaced. Plaintiff makes out a claim of Section 1983 liability premised neither on *respondeat superior* nor *Monell*, and the distinction raised by Defendants between municipal and state employees is immaterial. The Supervisory Defendants are individually liable because, as pled in the Amended Complaint, they maintained a practice which directly caused the violation of Plaintiff's Eighth Amendment rights, namely the failure to train staff assigned to the Secure Residential Treatment Unit (hereinafter "SRTU").

# LEGAL STANDARD

Plaintiff does not dispute the applicable standard of review for this motion, which Defendants have well-stated in their Memorandum of Law in Support.

# ARGUMENT

**I.  The Allegations of the Amended Complaint Against the Supervisory Defendants Sufficiently Establish a Plausible Claim for Relief**

Plaintiff's claims against the Supervisory Defendants are well pled. The Third Circuit Instructions for Civil Rights Claims Under Section 1983 provides in part:

> Finally, the third way for [plaintiff] to show that [supervisor] is liable for [subordinate's] conduct is to show that [supervisor], with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the conduct. [Plaintiff] alleges that [supervisor] should have [adopted a practice of] [followed the existing policy of] [describe supervisory practice or policy that plaintiff contends supervisor should have adopted or followed].

> To prove that [supervisor] is liable for [subordinate's] conduct based on [supervisor's] failure to [adopt that practice] [follow that policy], [plaintiff] must prove all of the following four things by a preponderance of the evidence:
>
> First: [The existing custom and practice without [describe supervisory practice]] [the failure to follow the policy of [describe policy]] created an unreasonable risk of [describe violation].
>
> Second: [Supervisor] was aware that this unreasonable risk existed.
>
> Third: [Supervisor] was deliberately indifferent to that risk.
>
> Fourth: [Subordinate's] [describe violation] resulted from [supervisor's] failure to [adopt [describe supervisory practice]] [follow [describe policy]].
>
> Third Circuit Model Jury Instruction 4.6.1

Accordingly, Plaintiff makes a claim for Section 1983 liability against a supervisor for a failure to train where he avers that: 1) the supervisor's failure to train created an unreasonable risk of an Eighth Amendment violation; 2) the supervisor was aware that this unreasonable risk existed; 3) the supervisor was deliberately indifferent to the risk; and 4) the subordinate's Eighth Amendment violation resulted from the supervisor's failure to follow the policy to train. *See Gilles v. Davis*, 427 F.3d. 197, 207 n. 7 (3d Cir. 2005) ("A supervising authority may be liable under § 1983 for failing to train police officers when the failure to train demonstrates deliberate indifference to the constitutional rights of those with whom the officers may come into contact…."). Defendants are correct that a complaint must now plead more than the possibility of relief, but Plaintiff need still only aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). Plaintiff has done so. *See* Amended Complaint ¶¶ 35-41. Defendants contend "[t]he Amended Compliant does not allege that these defendants were aware that Gordon, Baity, and Ford had not been trained or even knew that they were

assigned to the SRTU … [n]or does the Amended Complaint allege that any of the three Supervisory Defendants assigned Gordon, Baity, or Ford to the SRTU." Memorandum, p.4 (citations removed). Yet it defies common sense to believe that supervisors "responsible for ensuring that all correctional officers assigned to the SRTU receive [Crisis Intervention Team Training (hereinafter "CITT")] would be unaware of who was assigned to the SRTU and unaware of who had or had not received training. *See Iqbal,* 556 U.S. at 663-664 ("[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense.").

## II.   A Failure-To-Train Claim is Viable against Supervisors Regardless of Whether Such are Municipal or State Employees

Defendants contend that "Plaintiff's threadbare inclusion of such "failure to train and supervise" language suggests an attempt to allege what is sometimes mistaken as a '*Monell* claim,' which does not state a plausible claim against Commonwealth defendants." Memorandum, p.5. Notwithstanding that Plaintiff's failure to train claim is hardly threadbare, the Amended Complaint makes no *Monell* claim, which, Plaintiff agrees, would not apply here. But in regard to Section 1983 claims against government officials in their individual capacities, as pled here, the distinction between municipal and state employees is immaterial. *See Horton v. City of Harrisburg,* No. 1:06-CV-2338, 2009 U.S. Dist. LEXIS 63428, at *16 (M.D. Pa. July 23, 2009), *Gilles*, 427 F.3d at 207 n.7 (regarding liability for state employees), *Palakovic*, 854 F.3d at 233-34 (regarding Department of Correction employees).

## CONCLUSION

Plaintiff's claims against the Supervisory Defendants are sufficiently plead. The distinction between municipal and state employee is immaterial to those claims as plead. For

3

these reasons Defendants' motion to dismiss should be denied and Plaintiff's case should proceed.

/s/ Alexandre Turner
Alexandre N. Turner
alex@turnerlawofficesllc.com
1500 Walnut Street, 7th Floor West
Philadelphia, PA 19102
Telephone: (267) 225-6628
Facsimile:  (215) 751-0658

*Attorney for Plaintiff, Michael Lapish*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing Response with the Court's CM/ECF system on September 29, 2023, which automatically generates notification of the filing to all counsel of record.

*/s/ Alexandre Turner*
Alexandre N. Turner